IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTOPHER GEORGE BOWLES, *et al.*　　＊

　　Plaintiffs,　　＊

v.　　＊　　Civil Action No. 18-cv-2837-PX

FORD MOTOR COMPANY,　　＊

　　Defendant.　　＊
　　　　　　＊＊＊

## MEMORANDUM OPINION

This case arises from a two-car collision in which Plaintiff Christopher Bowles sustained injuries. ECF No. 1. Pending before the Court is Ford Motor Company (Ford's) motion for summary judgment on a single, narrow, but ultimately successful ground. ECF No. 31. Ford contends that the release Bowles executed with the other driver's insurance company applies to the claims asserted in this case. For the following reasons, Ford is correct and summary judgment is granted in its favor.

**I.　Background**

The following facts are undisputed. On May 25, 2015, Bowles, the driver of a 2014 Ford Focus, was struck by another vehicle driven by Juno Lee. ECF No. 31-2 at 2–3; ECF No. 31-3 at 56:18–57:1, 60:15–63:2. Bowles was physically injured as a result. On July 29, 2015, Bowles settled with Lee's insurance carrier, GEICO, and memorialized the settlement terms in a written "Release in Full of All Claims" (the Release). ECF No. 31-4 at 2.

In the Release, Bowles agreed that in exchange for receiving $25,000, he fully released Lee and his successors and assigns, as well as,

> all other persons, firms or corporations of and from any and every
> claim, demand, right or cause of action, of whatever kind or nature,
> on account of or in any way growing out of any and all personal

> injuries and consequences thereof, including, but not limited to, all causes of action preserved by the wrongful death statute applicable, any loss of services and consortium, any injuries which may exist but which at this time are unknown and unanticipated and which may develop at some time in the future, all unforeseen developments arising from known injuries, and any and all property damage resulting or to result from an accident that occurred on or about the 25th day of May, 2015, at or near Route 404, and especially all liability arising out of said accident including, but not limited to, all liability for contribution and/or indemnity.

*Id*.

The Release memorialized "a final settlement and disposition of the disputes both as to legal liability for said accident, casualty, or event and as to the nature and extent of the injury, illness, disease, and/or damage which I/we have sustained." *Id.*

On August 2, 2018, Plaintiffs filed their negligence and products liability action against Ford in Queen Anne County Circuit Court, specifically averring that the defective knee airbag in his Focus contributed to his injuries. ECF No. 1.[1] Ford removed the case to this Court on September 12, 2018, and now urges the Court to grant summary judgment in its favor based on the Release.

## II. Standard of Review

Summary judgment is appropriate when the Court, viewing the evidence in the light most favorable to the non-moving party, finds no genuine disputed issue of material fact, entitling the movant to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a

---

[1] Plaintiff Heather Bowles brings the loss of consortium claim which is derivative of and dependent on the success of the underlying negligence claims.

genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc*., 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)). "A mere scintilla of proof . . . will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). Importantly, "a court should not grant summary judgment 'unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances.'" *Campbell v. Hewitt, Coleman & Assocs., Inc*., 21 F.3d 52, 55 (4th Cir. 1994) (quoting *Phoenix Sav. & Loan, Inc. v. Aetna Casualty & Sur. Co*., 381 F.2d 245, 249 (4th Cir. 1967)). Where the party bearing the burden of proving a claim or defense "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment against that party is likewise warranted. *Celotex*, 477 U.S. at 322.

**III. Analysis**

It is well settled under Maryland law[2] that a broad, general release as executed in this case applies to all tortfeasors, regardless of whether the tortfeasor in question is a party to, or even mentioned in, the pertinent release. *See Berhane v. Allstate Ins. Co.*, No. PJM 13-1713, 2013 WL 5960891, *3 (D. Md. Nov. 6, 2013); *Jacobs v. Venali, Inc.,* 596 F. Supp.2d 906, 911 (D. Md. 2009); *Sinelli v. Ford Motor* Co., 810 F. Supp. 668, 671 (D. Md. 1993), *aff'd*, 7 F.3d 226 (4th Cir.1993); *Pemrock, Inc. v. Essco Co., Inc.*, 252 Md. 374, 379, 384 (1969); *Peters v. Butler*, 253 Md. 7, 9–10 (1969); *see also Jones v. Toyota Motor Sales, U.S.A., Inc.*, No. 386, Sept. Term 2018, 2019 WL 3522438, at *3 (Md. Ct. Spec. App. Aug 1, 2019) ("Maryland law is crystal clear" that release near identical to the Release in this matter "acts as a release of all joint tortfeasors" including car manufacturer sued for product defects).

---

[2] The parties do not dispute that Maryland law applies.

Undoubtedly, Ford is a joint tortfeasor in that Bowles contends Ford's negligent design and manufacture of the knee airbag contributed to his injuries. Accordingly, Bowles has relinquished all claims in connection with the collision per the plain and unambiguous language of the Release. Summary judgment in Ford's favor must be granted on this basis alone.

Bowles does not meaningfully challenge this conclusion. His offhanded reference to a wholly inapplicable decisions treating the Maryland Uniform Contribution Among Joint Tortfeasors Act[3] does not call into question the longstanding precedent that the Release resolves the claim as a matter of law. ECF No. 36. Nor does Bowles' unsupported contention that the Release is somehow confined only to "negligence associated with an auto accident" persuade the Court that a different outcome is warranted. *Id.*

**IV.     Conclusion**

Based on the foregoing, the Court grants Ford's motion for summary judgment. A Separate Order follows.

___4/3/2020_____          ___/s/_____
Date                                Paula Xinis
                                    United States District Judge

---

[3] Bowles cites, without any analysis, *Gables Construction, Inc. v. Red Coats, Inc.*, 241 Md. App. 1 (2019) and, indirectly, *Scapa Dryer Fabrics, Inc. v. Saville*, 418 Md. 496 (2011). Each reviewed the applicability of the Uniform Contribution of Joint Tortfeasors Act after trial and under far more unsettled and complex factual circumstances than this matter.